UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Warren Craig**, IndividuallyPlaintiff,v.**MB Restaurant Corporation,** an Ohio corporation for profit**,**Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 5:21-cv-898Judge: |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Warren Craig, individually, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, Valerie J. Fatica and Owen B. Dunn, Jr., Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, MB Restaurant Corporation, an Ohio corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Warren Craig, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Warren Craig ("Plaintiff"), is a Wayne County, Ohio resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant MB Restaurant Corporation owns or operates property located at 2558 Cleveland Rd, Wooster, OH 44691 in Wayne County, Ohio which is a restaurant known as Farmer Boy Restaurant. Plaintiff has patronized Defendant's restaurant most recently on April 12, 2021 and on numerous previous occasions as a place of public accommodation.

6. Upon information and belief, the restaurant owned and operated by the Defendant is non-compliant with the remedial, equal protection and non-discrimination provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's restaurant, as a place of public accommodation, fails to comply with the

ADA and its regulations, as also described further herein.

7. Mr. Craig is an individual diagnosed with spina bifida and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. As a resident of Wayne County, Plaintiff frequents the area's businesses, restaurants, and shopping centers and has been a longtime patron of Defendant's business. Plaintiff desires to visit the Defendant's place of business again on future occasions. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

10. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

11. Further, on Plaintiff's visit to the restaurant on April 12, 2021, all of the free standing tables were blocked off with "No Seating" signs, leaving only booths that lacked knee and toe clearance for wheelchair access. Mr. Craig asked an employee if he could use

one of the tables and was denied. Unable to access a dining surface, Mr. Craig left the restaurant. Later that same day, Mr. Craig called the restaurant and spoke to "Bill", stated to be the owner of the restaurant. Mr. Craig explained that because the booths are inaccessible, denying access to a dining table prohibited him from being able to dine at the restaurant. Bill again refused to allow access by opening up a table.

12. Defendant willfully, deliberately, and purposely discriminated against Mr. Craig and all other customers who need accessible dining surfaces. This in spite of being presented a direct request for a reasonable accommodation which placed no undue burden upon the place of public accommodations. Nor would such an accommodation constitute a fundamental alteration to the business or services.

13. A preliminary inspection of the restaurant owned and operated by MB Restaurant Corporation has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

A. Accessible parking access aisles do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

B. There is no designated van accessible parking space, in violation of the ADA whose remedy is readily achievable.

C. Some or all designated accessible parking lack required signage, in violation of the ADA whose remedy is readily achievable.

D. There is not a compliant accessible route from the designated accessible parking spaces to the restaurant's entrance due to a non-compliant ramp that lacks edge protection, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

E. The restaurant lacks a minimum 5% of accessible seating and standing dining

surfaces whereas none of its dining surfaces meet the required dimensions for clear floor space positioned for a forward approach. Furthermore, presently the pedestal table dining surfaces in the restaurant are marked with "No Seating" signs on them and unavailable, in violation of the ADA whose remedy is readily achievable.

The Restrooms:

F. The designated accessible toilet compartment in the women's restroom does not have the required clear floor space, in violation of the ADA whose remedy is readily achievable.

G. The women's restroom toilet compartment door lacks door pulls on both sides, is not self-closing, and swings into the clear floor space, in violation of the ADA regulations whose remedy is readily achievable.

H. The women's restroom entirely lacks a rear grab bar around the water closet and the side grab bar is non-compliant, in violation of the ADA whose remedy is readily achievable.

I. The women's restroom water closet seat height is below the required range, in violation of the ADA whose remedy is readily achievable.

J. The lavatory pipes in the women's restroom are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

K. Upon information and belief, the men's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

L. The operator lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

M. The restaurant's current policy regarding seating is discriminatory against customers who use wheelchairs.

14. The discriminatory violations described in Paragraph 13 by the restaurant are not an exhaustive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all others similarly situated will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The restaurant, as owned and operated by the Defendant, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to

provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. The restaurant and building, as owned and operated by the Defendant, is a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

22. The Defendant committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. The Defendant's acts are willful, severe and ongoing.

23. Whereas, the Defendant willfully, wantonly and knowingly discriminated against the Plaintiff by denying him access to an accessible dining surface in spite of the Plaintiff personally making a request for a reasonable accommodation. Furthermore, by virtue of numerous barriers to handicap access as enumerated in paragraph 13, the bathrooms are not usable for Mr. Craig or by any person who uses a wheelchair for mobility.

24. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the

goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 720-4951 - Facsimile
Email: valeriefatica@gmail.com

and

Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net